RENDERED: JULY 25, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0057-MR

ASHLEY ANN CARROLL AND        APPELLANTS
COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES

           APPEAL FROM JOHNSON CIRCUIT COURT
v.                      FAMILY DIVISION
           HONORABLE ADAM O'BRYAN, JUDGE
           ACTION NO. 22-CI-00275

CHAD EDWARD CARROLL        APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE: Ashley Ann Carroll and the Cabinet for Health and Family Services appeal from an order of the Johnson Circuit Court, Family Division that denied the Cabinet's motion to establish child support. Appellants argue that the trial court failed to consider changes in the parties' financial

circumstances which should have allowed an award of child support. Chad Edward Carroll argues that the court did consider the finances of the parties and found no reason to modify child support. We believe the order on appeal is unclear and reverse and remand in order for the court to clarify its order.

## FACTS AND PROCEDURAL HISTORY

Mr. and Ms. Carroll have three minor children. In October of 2022, Mr. and Ms. Carroll entered into a separation agreement wherein they agreed to have 50-50 joint custody. Part of the agreement stated that, due to the equal timesharing, the parties would not seek child support "unless there has been a material change in circumstances as required by statute." On January 17, 2023, the family court entered a decree of dissolution, which incorporated the separation agreement, and no child support was ordered.

On January 18, 2024, the Cabinet, through the Johnson County Attorney, moved to intervene in the case and requested that Mr. Carroll be required to pay child support. While the motion was not specifically noted as being one for modification of child support, the parties and the family court all treated it as such. A hearing was held on October 24, 2024, where Mr. and Ms. Carroll testified.

On December 19, 2024, the court entered an order denying the motion for child support. We believe paragraphs three through seven of that order are relevant to this appeal. In paragraphs three and four of the court's order, the court

recounted the testimony regarding Mr. and Ms. Carroll's employment.[1]  Paragraph

five of the order discussed the statutory requirement for modifying child support

and found the evidence did not support a modification.  Paragraph six of the order

stated:

> There being no child support established, by agreement,
> [Mr. Carroll's] employment status [is] irrelevant.  No
> obligation was established; therefore, the Court doesn't
> find it equitable to address a change.  Arguably, [Ms.
> Carroll] is in a better financial situation as she now has
> fulltime employment and is more stable due to a steady
> paycheck and not being a small business owner.

Paragraph seven of the order stated, "[t]he parties entered into an agreement, and

which was bargained for between the parties."

After the entry of this order, Appellants timely appealed.

## ANALYSIS

Kentucky Revised Statutes (KRS) 403.213 sets forth the requirements

for modifying child support.  KRS 403.213 states in relevant part:

> (1) The Kentucky child support guidelines may be used
> by the parent, custodian, or agency substantially
> contributing to the support of the child as the basis for
> periodic updates of child support obligations and for
> modification of child support orders for health care.  The
> provisions of any decree respecting child support may be
> modified only as to installments accruing subsequent to
> the filing of the motion for modification and only upon a

---

[1] Mr. Carroll is a doctor.  Ms. Carroll was a small business owner at the time of dissolution but
was a salaried employee of Frontier Medical at the time of the hearing.

showing of a material change in circumstances that is substantial and continuing.

(2) Application of the Kentucky child support guidelines to the circumstances of the parties at the time of the filing of a motion or petition for modification of the child support order which results in equal to or greater than a fifteen percent (15%) change in the amount of support due per month shall be rebuttably presumed to be a material change in circumstances. Application which results in less than a fifteen percent (15%) change in the amount of support due per month shall be rebuttably presumed not to be a material change in circumstances.

Appellants argue that paragraph six of the order indicates that the trial court did not consider Mr. Carroll's income but should have for the purposes of child support modification. Mr. Carroll argues that the trial court did consider the income of both parties and found no material change in circumstances. We believe that the order of the trial court is unclear and must be revisited. Paragraphs three, four, and five of the order on appeal suggest that the trial court considered the parties' finances and found no material change of circumstances which would necessitate a modification of child support. On the other hand, paragraphs six and seven seem to indicate that the trial court did not consider Mr. Carroll's employment and denied the child support request because the separation agreement stated no child support would be sought.

We note that child support can be modified even if a separation agreement and divorce decree set forth that there would be no child support.

*Nelson v. Ecklar*, 588 S.W.3d 872, 876 (Ky. App. 2019); *Martin v. Cabinet for Health and Family Services*, 583 S.W.3d 12, 18-20 (Ky. App. 2019). In this case, Mr. and Ms. Carroll's original child support obligation would be considered $0 at the time of their divorce. The court should have then determined if there had been a material change in circumstances which would indicate a need to modify the original award of $0 to another amount. Whether it did so in this case is unclear.

## CONCLUSION

If the trial court denied the motion for child support because of the language in the separation agreement, this was in error. KRS 403.213, *Nelson*, and *Martin* allow for modification of child support even if the parties agreed not to pursue child support. If the trial court did consider the parties' circumstances and found no material change, it should clarify as such in a new order. For these reasons, we reverse and remand.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Michael S. Endicott
Paintsville, Kentucky

BRIEF FOR APPELLEE:

Jennifer Burke Elliott
Prestonsburg, Kentucky